

# Empire Justice Center
Making the law work for all New Yorkers

Albany ♦ Rochester ♦ Westchester ♦ Long Island

Writer's Direct Dial Telephone Number: (585) 295-5811
pdellinger@empirejustice.org

February 13, 2019

Hon. Michael A. Telesca
United States District Judge
United States Courthouse
100 State Street
Rochester, New York 14614

Re: Jackson v. Quatem Aviation et al.
Case No. 18-cv-6297 (W.D.N.Y.) (MAT)

Dear Judge Telesca:

    I represent Plaintiff Jeanine Jackson in this matter, and I am writing to you on behalf of myself and Katherine McClung, counsel for Defendant Quantem Aviation Services, LLC. Before Defendant Quantem filed an answer to the amended complaint, Ms. McClung and I began discussing the possibilities of settlement in September 2018. I am pleased to report that we recently agreed upon terms acceptable to the Plaintiff and Defendant Quantem.

    This settlement resolves all of plaintiff's claims against Defendant Quantem, including plaintiff's Equal Pay Act claim, brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §206, et seq., and Plaintiff's separate FLSA claim for late payment of wages. In Cheeks v Freeport Pancake House, Inc., 796 F.3d 199 (2nd Cir. 2015), cert. denied, 136 S.Ct. 824 (2016), the court ruled that voluntary FLSA settlements must now be approved by either the U.S. Department of Labor or the district court. As the court noted in Snead v Interim HealthCare of Rochester, Inc., 286 F. Supp. 3d 546, 550 (W.D.N.Y. 2018), "Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor."

    To effect dismissal with prejudice, federal district courts have required court approval of FLSA settlement agreements where the employer has not appeared or filed an answer. Amadis v Newcastle Realty Services, LLC, 2018 WL 2727350, at *1 (S.D.N.Y. May 10, 2018); Carson v. Team Brown Consulting, Inc., 2017 WL 4357393, at *4-5 (E.D.N.Y. Sept. 29, 2017); Lopez v Joe Vin Enterprises, LLC et al., 16 cv 0852 (VB) (Docket Item No. 25) (S.D.N.Y. May 1, 2017). Martinez v. Ivy League Schools, Inc., 2016 WL 3582062, at *3 (E.D.N.Y. June 28, 2016).

    For these reasons I have attached a copy of the proposed Settlement Agreement with this letter-motion, and to effect this settlement, I respectfully request the court review this proposed

agreement. Should the court find this agreement acceptable, Ms. McClung and I respectfully request the court issue an order approving the settlement agreement. Once an agreement has been approved by the court and signed by the parties, I shall submit a proposed Order of Dismissal pursuant to Rule 41 (a) (2) of the Federal Rules of Civil Procedure.

Procedural History

Plaintiff Jeanine Jackson alleged in the complaint that she was paid less than her male counterparts for performing the same work as a "lead handler" by Defendant Quantem. As alleged in the complaint, plaintiff claimed that she was the only female "lead handler" working for Defendant Quantem in Rochester, and after her training period, she was entitled to be paid at the same lead handler pay rate for all her regular and overtime work as the male lead handlers, under the Equal Pay Act, 29 U.S.C. §206 et seq., Title VII, and the New York Human Rights Law, Executive Law §296. Plaintiff also alleged that Defendant Quantem paid certain wages late in violation of the FLSA. Plaintiff further alleged violations of New York State Labor Law, N.Y. Labor Law §§ 198 (1-a), failure to pay wages when due; failure to issue accurate wage statements, N.Y. Labor Law §195 (3); and unpaid spread of hours pay, N.Y. Labor Law § 190 et seq. and 12 NYCRR§ 142-2-4. Defendant Quantem strongly denies all of plaintiff's allegations.

The parties engaged in settlement negotiations beginning in September 2018, and these negotiations continued through November 2018. During this time, the parties agreed to extend the time for Defendant Quantem to file an answer, and these extensions of time were approved by this court. Once the parties had agreed upon a monetary settlement amount, we engaged in extensive discussions and negotiations regarding the post Cheeks district court requirements for acceptable FLSA mutual settlement conditions, and drafting terms acceptable to the parties. In early February 2019, these negotiations ultimately resulted in the attached proposed Settlement Agreement.

Settlement of Plaintiff's FLSA Claims Against Defendants

With respect to plaintiff's FLSA claims, and based on the records available to plaintiff's counsel, we estimated that Plaintiff Jackson is owed approximately $3000 in unpaid wages and overtime wages. In negotiations, Defendant Quantem disputed the date when Plaintiff Jackson completed her lead handler training and maintains she was eligible for lead handler pay for only six months. As calculated by plaintiff, Defendant Quantem's extended training period, if accurate, could potentially reduce her wage related claims and damages significantly. In addition, according to Ms. Jackson, in response to her complaints about being unfairly paid, Defendant Quantem paid Ms. Jackson $1430 in retroactive pay on June 28, 2017, an amount which plaintiff acknowledges in her Complaint, para. 91.

The parties engaged in arms-length settlement negotiations. Plaintiff Jackson is primarily interested in a monetary settlement which would allow her to quickly receive what she believes is the amount of unpaid wages owed to her. The prompt single lump sum payment of wages is far preferable to continued discovery and litigation. From Defendant Quantem's perspective, whether plaintiff is entitled to unpaid wages or any damages is strongly contested. The costs of continuing to litigate this case were also factors resulting in settlement.

2

Under the settlement terms, Plaintiff Jackson will receive a total $3125.00 in unpaid wages and overtime wages, and a separate check totaling $3125.00 constituting damages for her remaining claims. This settlement permits Plaintiff Jackson to receive the total amount of wages owed to her (as originally calculated by plaintiff's counsel) and an equal amount in damages for all her other claims against Defendant Quantem. The proposed Settlement Agreement contains mutual release provisions, and does not contain any confidentiality or waiver provisions, or restrictions on employment, and permits Ms. Jackson to make "any truthful statement related to or concerning this Action." See Snead v. Interim Healthcare, 286 F.Supp. 3d at 553.

Attorney's Fees

The Empire Justice Center will receive $2000 in attorney's fees from Defendant Quantem for the work expended by plaintiff's counsel in the prosecution of plaintiff's claims. The Empire Justice Center represents low income clients without cost. As a result, none of the plaintiff's settlement will be later be paid by Ms. Johnson to the Empire Justice Center.

With respect to the reasonableness of plaintiff's counsel fees, $2000 constitutes reimbursement for approximately 6.60 hours of my time. See Myers v Board of Education of the Batavia City School District, 2016 WL 4642920, at *3 (W.D.N.Y. Sept. 7, 2016) (approving $305 reasonable hourly billing rate). From September 20018 until now, I have expended more than twice this amount of time reaching a settlement with Defendant Quantem. As a result, we believe this constitutes a reasonable sum for the amount of time spent drafting the complaint; calculating the amount of potential damages for the claims against Defendant Quantem; engaging in settlement negotiations with Defendant Quantem; negotiating the attached proposed Settlement Agreement; and preparing this motion.

Defendants Matheson Trucking and Matheson Flight Extenders remain as defendants in this action, and I am concerned that disclosure of my time records regarding settlement with Defendant Quantem could result in a waiver of work product and attorney client privilege. See In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993) (disclosure to an adversary of work product protected material will generally affect a waiver). I would be happy to provide an affidavit and copies of my time records to the court for *in camera* review should you desire additional documentation regarding the reasonableness of plaintiff's attorney fees.

This case involves an individual plaintiff and a negotiated settlement where it now makes little sense "for proceeding with litigation...if the district court rejects the proposed settlement." Cheeks v Freeport Pancake House, Inc., 796 F3d at 207 citing, Picerni v Bilingual Seit & Preschool Inc., 925 F. Supp. 2d 368, 377 (E.D.N.Y. 2013). The parties have negotiated an arm's length agreement which will require Defendant Quantem to pay plaintiff the amount of wages owed to her, as well as damages in a settlement reached by the parties early in the course of litigation and before mediation and discovery.

For these reasons, I respectfully request the court approve the Settlement Agreement in this case. Please contact me should the court desire additional records concerning any aspect of this proposed settlement.

Thank you for your consideration.

<div style="text-align: right;">
Sincerely,

Peter O'Brian Dellinger
Attorney at Law
</div>

Enclosure

cc:   Katherine McClung, Esq.
      Jacqueline Phipps Polito, Esq.
      Carey Ann Denefrio, Esq.
      (Via Federal Electronic Case Filing System)

# Exhibit A

# **SETTLEMENT AGREEMENT**

This Settlement Agreement (the "Agreement") is made between Jeanine Jackson ("Employee") and Quantem Aviation Services, LLC (the "Company"). As used in this Agreement, the term "the Company" shall mean and include Quantem Aviation Services, LLC, its predecessors, affiliates, parents, subsidiaries, related business entities, successors, assigns, and all of their current, former, and retired officers, directors, members, principals, shareholders, owners, members, employees, employee benefit plans, employee benefit plan fiduciaries, and agents (all in their individual and representative capacities), except that any obligation undertaken by "the Company" under this Agreement is undertaken solely by Quantem Aviation Services, LLC. The Company and Employee shall collectively be referenced as the "Parties" herein.

**WHEREAS**, Employee commenced a lawsuit against Quantem Aviation Services, LLC entitled Jackson v. Quantem Aviation Services, L.L.C. et al. in the United States District Court for the Western District of New York, Case No. 18-cv-6297 (W.D.N.Y.) (MAT) (the "Action");

**WHEREAS**, by this Agreement, the Parties intend to resolve fully and finally Employee's claims against the Company and to set forth the obligations and responsibilities of the Parties so as to constitute a complete agreement regarding their rights and obligations to each other which arise from Employee's employment and separation from employment.

**NOW THEREFORE** in consideration of the mutual promises and covenants contained herein, Employee and the Company, acting of their own free will, hereby agree as follows:

1.   The Parties acknowledge and agree that: (i) except as set forth in this Agreement, Employee is not entitled to any other wage, benefits, vacation, bonus, or other payments from the Company; (ii) there are other no wage, benefits, vacation, bonus, or other payments or employee benefits of any kind due or owing to her from the Company; (iii) the payment provided for in Paragraph 2 is in full satisfaction of, and constitutes a complete offset against, any wages, vacation, bonus or other payments that might have been otherwise due or owing to Employee from the Company; and (iv) Employee is solely responsible for any taxable events that may arise as a result of this Agreement, except that the Company will pay the employer's share of payroll taxes to the extent required by law and the Company will make any federal and state tax withholdings required by law from the payment described in Paragraph 2(a)(i).

_____ Jeanine Jackson       _____Quantem Aviation Services, LLC

2. In exchange for the mutual promises and consideration set forth in this Agreement, the Parties agree to the following:

(a) In consideration for the covenants and promises made in this Agreement, the Company will pay Employee and her attorneys the total sum of Eight Thousand Two Hundred Fifty Dollars and No Cents ($8,250.00), which will be paid as follows.

   (i)   The Company shall pay Employee the sum of three thousand one hundred twenty five dollars and zero cents ($3,125.00) by certified check as wages. All withholdings required or permitted by law shall be deducted from this amount. The Company shall confirm this payment and report it to the federal and state taxing authorities using Form W-2 or such other form as the applicable taxing authorities may require.

   (ii)  The Company shall pay Employee the sum of three thousand one under twenty five dollars and zero cents ($3,125.00) by certified check for liquidated damages, interest, and other alleged damages. The Company shall confirm this payment and report it to the federal and state taxing authorities using Form 1099 or such other form as the applicable taxing authorities may require.

   (iii) The Company shall pay Empire Justice Center the total sum of two thousand dollars and zero cents ($2,000.00) by certified check. The Company shall issue to Employee and the Empire Justice Center IRS Form 1099 for such payment or such other forms as the applicable taxing authorities may require.

(b) These payments shall be delivered to Employee's counsel, Peter O'Brian Dellinger, Empire Justice Center, 1 West Main Street, Suite 200, Rochester, New York 14614.

(c) The foregoing payment obligations, as well as any other obligations imposed on the Parties by this Agreement, are contingent upon the Parties' compliance with all representations and obligations imposed by this Agreement.

(d) The Parties agree to the following payment procedure:

   (i)   Once the terms of this Agreement have been mutually agreed upon, Employee shall direct her counsel to submit this proposed Agreement to the Court as part of a joint motion requesting approval of the Agreement on behalf of the Parties.

   (ii)  If the Court approves this proposed Agreement, the Company shall comply with Paragraph 2(f) and provide a signed copy of the Release attached hereto as Exhibit C, and an executed and intitaled copy of this Agreement by employer to the Empire Justice Center within ten (10) business days of the Court's order

_____ Jeanine Jackson       _____Quantem Aviation Services, LLC

granting approval. The Company shall send the certified checks referenced in Paragraph 2(a)(i)-(iii) to its counsel at Bond, Schoeneck & King, PLLC within five (5) business days after the complete satisfaction of all of the following conditions: (1) Employee's complete compliance with Paragraph 2(e) of this Agreement, (2) the Company's receipt of the executed and initialed documents referenced in Paragraph 2(e), (3) the Employee's provision to the Company of completed Forms W-4 and W-9, and (4) Empire Justice Center's provision to the Company of a completed Form W-9. The Company shall provide provide written confirmation, through Bond Schoeneck & King PLLC, to Empire Justice Center of its receipt of the certified checks.

(iii) Following written confirmation of receipt of the settlement checks from Employer and the Employee's receipt of a fully-executed and initialed Agreement as well as the signed Releases attached here to as Exhibits A and C, Employee shall promptly file the executed Agreement and a Stipulation and Proposed Order dismissing Employee's claims against the Company with prejudice with the Court in the form attached here as Exhibit B.

(iv) Upon the Court's entry of the Stipulation and Order dismissing Employee's claims against the Company with prejudice, the Company shall direct its counsel mail or otherwise deliver the certified checks referenced in Paragraph 2(a) to Employee's counsel within six (6) business days.

(e) Employee agrees to execute and initial this Agreement (with exhibits) and execute the Release attached hereto as Exhibit A.

(f) The Company agrees to execute and initial this Agreement and the Release attached hereto as Exhibit C.

(g) The Parties acknowledge and agree that the promises made to each of them under this Agreement are adequate consideration for their promises under this Agreement, including, but not limited to, the Releases.

3. The Parties each acknowledge and agree that:

(a) They each have read this Agreement and understand its meaning and effect.

(b) They each have knowingly and voluntarily entered into this Agreement of free will.

(c) They each are not waiving or releasing any claim that may arise after the date of this Agreement.

_____ Jeanine Jackson        _____ Quantem Aviation Services, LLC

(d) They each are receiving valuable consideration to which they would not otherwise be entitled.

(e) They each have consulted with an attorney before signing this Agreement.

4. Employee acknowledges and represents that she has returned all Company property in her possession prior to executing this Agreement.

5. Employee shall not engage in any conduct that involves the making or publishing of written or oral statements or remarks (including, but not limited to, the repetition or distribution of derogatory rumors, allegations, negative reports, or comments) which are disparaging, deleterious, or damaging to the integrity, reputation, or goodwill of the Company. This Paragraph does not limit or alter Employee's rights under her Release of Claims. Notwithstanding any agreement for Employee to refrain from disparagement of Employer, Employee is allowed to make truthful statements related to or concerning this Action.

6. Employee shall direct all reference requests to Jenifer Combs, Director of HR. Unless otherwise agreed between the Company and Employee in writing, the Director of HR will provide Employee's dates of employment and position(s) held in response to any reference requests. The Director of HR will also verify, but not volunteer, Employee's compensation amount in response to reference requests.

7. This Agreement and the consideration exchanged do not constitute and shall not be used or construed in any way as an admission of liability, wrongdoing, or a violation of any law, rule, regulation, or order by the Company.

8. This Agreement is made pursuant to, and shall be construed and enforced in accordance with, the laws of the State of New York, without giving effect to otherwise applicable principles of conflicts of law.

9. If any term or provision of this Agreement is later held to be invalid or unenforceable, the remaining portions of this Agreement will continue to be valid and will be performed, construed and enforced to the fullest extent permitted by law, and the invalid or unenforceable term will be deemed amended and limited in accordance with the intent of the Parties, as determined from the fact of the Agreement, to the extent necessary to permit the maximum enforceability or validation of the term or provision; provided, however, that upon any finding by a court of competent jurisdiction, an arbitrator or a governmental agency (including a state or federal Department of Labor) that Employer or Employee's Release is (a) is illegal, void, or unenforceable, in whole or in part; (b) was not entered into knowingly and voluntarily; (c) does not bar the Employee from asserting claims against the Company under the Fair Labor Standards Act, the New York Labor

\_\_\_\_\_ Jeanine Jackson    _____Quantem Aviation Services, LLC

4

Law, the Equal Pay Act, Title VII of the Civil Rights Act of 1964 or the New York Human Rights Law; or (d) is otherwise ineffective, Employer or Employee agree to promptly execute a release that is legal, enforceable and acceptable to the other party. If no such release may be executed or if a party fails to comply with this requirement, this Agreement is null and void, and the Parties shall return to their *status quo ante.*

10. This Agreement represents the entire agreement and understanding between the Parties and supersedes all prior agreements or understandings, whether oral or written, relating to this subject matter. The Parties acknowledge that no representation, promise, inducement, or statement of intention has been made by any Party to this Agreement that is not embodied in this Agreement, and agree that no Party shall be bound by, or be liable for, any alleged representation, promise, inducement, or statement of intention not set forth in this Agreement.

11. This Agreement may not be modified except by a written agreement signed by the Parties.

12. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, successors, and assigns. This Agreement cannot be assigned by Employee without the prior written consent of the Company.

13. The Parties and/or their representative(s) represent that they each are physically, emotionally and mentally capable of fairly evaluating this Agreement, that they each are not suffering from any condition that might adversely affect their ability to fairly and reasonably evaluate the terms of this Agreement, and that they each have accepted and executed this Agreement knowingly and voluntarily after expending adequate time and energy to assess its impact on their respective conditions.

14. This Agreement may be executed in counterparts, each such counterpart being deemed to be an original instrument, and all such counterparts shall together constitute the same Agreement. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of a ".pdf" format data file, such signature shall create a valid and binding obligation for the executing Party (or the Party on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original signature page.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

_____ Jeanine Jackson          _____Quantem Aviation Services, LLC

**PLEASE READ CAREFULLY**

I HAVE CAREFULLY READ AND FULLY UNDERSTAND THE PROVISIONS OF THIS AGREEMENT AND THE ATTACHED RELEASES, INCLUDING MY WAIVER OF ALL CLAIMS AGAINST THE COMPANY. I HAVE BEEN ADVISED TO CONSULT WITH AN ATTORNEY OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT. I UNDERSTAND THAT MY ELIGIBILITY TO RECEIVE THE BENEFITS PROVIDED FOR IN THIS AGREEMENT IS EXPRESSLY CONDITIONED ON EXECUTION OF THIS AGREEMENT AND THE RELEASE. I HAVE NOT RELIED UPON ANY OTHER REPRESENTATION OR STATEMENT, WRITTEN OR ORAL.

Date:_____, 2019        _____
                                                JEANINE JACKSON

**PLEASE READ CAREFULLY**

I HAVE CAREFULLY READ AND FULLY UNDERSTAND THE PROVISIONS OF THIS AGREEMENT AND THE ATTACHED RELEASES. I HAVE BEEN ADVISED TO CONSULT WITH AN ATTORNEY OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT I UNDERSTAND THAT MY ELIGIBILITY TO RECEIVE THE BENEFITS PROVIDED FOR IN THIS AGREEMENT IS EXPRESSLY CONDITIONED ON EXECUTION OF THIS AGREEMENT AND THE RELEASE. I HAVE NOT RELIED UPON ANY OTHER REPRESENTATION OR STATEMENT, WRITTEN OR ORAL.

_____ Jeanine Jackson  _____Quantem Aviation Services, LLC

6

QUANTEM AVIATION SERVICES, LLC

Date:_____, 2019        By:_____

                                                  Print Name: _____

                                                  Title: _____

_____ Jeanine Jackson      _____Quantem Aviation Services, LLC

7

# Exhibit A

\_\_\_\_\_ Jeanine Jackson   _____Quantem Aviation Services, LLC

# RELEASE OF CLAIMS

In consideration of Quantem Aviation Services, LLC's ("Quantem's") agreement to settle her claims under the Fair Labor Standards Act ("FLSA") and Equal Pay Act ("EPA"), Jeanine Jackson ("Employee") releases and forever discharges Quantem Aviation Services, LLC, its predecessors, affiliates, parents, subsidiaries, related business entities, successors, assigns, and all of their current, former, and retired officers, directors, principals, shareholders, owners, members, employees, employee benefit plans, employee benefit plan fiduciaries, and agents (all in their individual and representative capacities) (collectively, the "Releasees") from all suits, actions, claims and damages whatsoever, known or unknown, that Employee ever had or now has against the Released Parties as of the date she executes this Release of Claims, arising pursuant to the FLSA or EPA and arising from the facts referenced in her Complaint or Amended Complaint filed in an action entitled "Jeanine Jackson v. Quantem Aviation Services, LCC, et al." in the United States District Court, Western District of New York, Case No. 18-cv-6297 (MAT) (the "Action").

In consideration for Quantem's agreement to settle her remaining claims under Title VII of the Civil Rights Act of 1964, the New York Labor Law and the New York Human Rights Law, Employee releases and forever discharges the Releasees, from all suits, actions, claims, and damages whatsoever, known or unknown, that Employee ever had or now has against the Released Parties as of the date she executes this Release of Claims, arising from her employment at Quantem Aviation Services, LLC, from the termination of that employment or from any other facts referenced in her Complaint or Amended Complaint filed in the Action.

Employee represents and warrants that she has not assigned any claim released herein, or authorized any person to assert any claim on her behalf.

Employee also hereby waives any right to assert collective or class claims against the Released Parties to the extent she has any claims which are not released hereby.

This release does not prevent Employee from filing a charge with the Equal Employment Opportunity Commission, providing truthful information to the Equal Employment Opportunity Commission or any other governmental agency, or participating in any governmental investigation or proceeding. Employee understands and agrees, however, that she is waiving any right to monetary relief or other personal relief as a result of any such EEOC or other government proceedings or any subsequent legal action brought by the EEOC or any other government agency.

\_\_\_\_\_ Jeanine Jackson          _____ Quantem Aviation Services, LLC

Date:_____, 2019 

_____
JEANINE JACKSON

STATE OF NEW YORK )
 )ss.:
COUNTY OF MONROE )

On _____, 2019, before me, the undersigned, a notary public in and for said State, personally appeared JEANINE JACKSON, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same.

_____
Notary Public

_____ Jeanine Jackson    _____ Quantem Aviation Services, LLC

2

# Exhibit B

_____ Jeanine Jackson    _____ Quantem Aviation

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEANINE JACKSON,

Plaintiff,

v.

QUANTEM AVIATION SERVICES, LLC, MATHESON TRUCKING, INC., AND MATHESON FLIGHT EXTENDERS, INC.

Defendants.

---

**[PROPOSED] ORDER OF DISMISSAL WITH PREJUDICE**

Civil Action No.
18-cv-06297-MAT

WHEREAS, Plaintiff Jeanine Jackson and Defendant Quantem Aviation Services, LLC ("Defendant Quantem") made a joint motion for approval of a settlement agreement to this Court on _________, 2019;

WHEREAS, the Court approved the settlement agreement as fair and reasonable;

WHEREAS, the Plaintiff and Defendant Quantem have executed the Agreement, as approved by this Court;

WHEREAS, no Party hereto is an infant or an incompetent person;

IT IS HEREBY ORDERED as follows:

1. Plaintiff's claims against Defendant Quantem are hereby dismissed in their entirety with prejudice, in accordance with Federal Rules of Civil Procedure 41(a)(2). This dismissal is without costs, attorneys' fees, penalties, expenses or disbursements to any Party as against another, except to the extent that the settlement agreement expressly provides for the payment of such amounts.

_____ Jeanine Jackson ________Quantem Aviation

Dated: _____, 2019

EMPIRE JUSTICE CENTER

_____
Peter O'Brian Dellinger, Esq.
1 West Main Street, Suite 200
Rochester, New York 14614
Telephone: 585-454-4060

*Attorneys for Plaintiff Jeanine Jackson*

                                                             SO ORDERED.

                                                             Dated: _____, 2019

                                                             _____
                                                            United States District Judge

\_\_\_\_\_ Jeanine Jackson       _____Quantem Aviation Services, LLC

2

# Exhibit C

\_\_\_\_\_ Jeanine Jackson   _____ Quantem Aviation

## RELEASE OF CLAIMS

In consideration of other good and valuable consideration as described in the Settlement Agreement, Quantem Aviation Services, LLC, (the "Company") releases and discharges Jeanine Jackson ("Employee") from all suits, actions, claims, and damages whatsoever, known or unknown, that the Company ever had or now has against the Employee as of the date its representative executed this Release of Claims, arising from Employee's employment at the Company, from the termination of that employment at the Company or from any other facts referenced in her Complaint or Amended Complaint filed in the civil action filed by Employee as a plaintiff, in a case entitled <u>Jeanine Jackson v. Quantem Aviation Services, LCC, et al</u>." in the United States District Court, Western District of New York, Case No. 187 CV 6297 (MAT). The Company represents and warrants that it has not assigned any claim released herein, or authorized any person to assert any claim on its behalf.

QUANTEM AVIATION SERVICES, LLC

Date:_____, 2019          By:_____

                                    Print Name: _____

                                    Title: _____

STATE OF          )
                  )ss.:
COUNTY OF         )

On _____, 2019, before me, the undersigned, a notary public in and for said State, personally appeared_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same.

                                    _____
                                                Notary Public

_____ Jeanine Jackson      _____ Quantem Aviation